Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAST APPAREL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY STEWART, INC., a Delaware Corporation; JARYAM, an unknown entity; Bicoastal Alliance, LLC, a Delaware Limited Liability Company doing business as "MODCLOTH"; ZG APPAREL GROUP LLC, a New York Limited Liability Company doing business as "SIGNATURE BY ROBBIE BEE"; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br>1. DIRECT COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff JAST APPAREL, INC. (hereinafter "Jast" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district, a substantial part of the injury took place in this district, and Defendants are subject t the court's personal jurisdiction with respect to this action.

## PARTIES

4. JAST is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California.

5. JAST is informed and believes and thereon alleges that Defendant Ashley Stewart, Inc. is a Delaware Corporation with its principal place of business at 150 Meadowlands Parkway, Secaucus, NJ 07094 and is doing business in and with the State of California.

6. JAST is informed and believes and thereon alleges that Jaryam is a business entity, the legal form and status of which is currently unknown to JAST. Based on information and belief, Jaryam is a retailer with a business address of 1531 Wisconsin Ave.

7. JAST is informed and believes and thereon alleges that Defendant Bicoastal Alliance, LLC is a Delaware limited liability company with its principal place of business at 1031 South Broadway #350, Los Angeles, CA 90015 and is doing business in and with the State of California.

8. JAST is informed and believes and thereon alleges that at all times mentioned herein Bicoastal Alliance, LLC does business as "MODCLOTH."

9. JAST is informed and believes and thereon alleges that Defendant ZG Apparel Group LLC is a New York limited liability company with a principal place of 1450 Broadway, 17th Fl., New York, NY 10018 and is doing business in and with the State of California.

10. JAST is informed and believes and thereon alleges that at all times mentioned herein Defendant ZG Apparel Group LLC does business as "SIGNATURE BY ROBBIE BEE."

11. Upon information and belief, Defendants Does 1 through 10, inclusive, (collectively, "DOE Defendants") are other parties not yet identified who have infringed JAST's copyrights, have contributed to the infringement of JAST's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to JAST, which therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. JAST is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of JAST's rights and the damages to JAST proximately caused thereby.

## CLAIMS RELATED TO DESIGN 59218

13. JAST owns an original two-dimensional artwork used for purposes of textile printing, entitled JAST's internal design number 59280 ("Subject Design"), and registered the Subject Design with the U.S. Copyright Office.

14. The Subject Design is an original creation of JAST and/or JAST's design team, and is, and at all relevant times was, owned exclusively by JAST.

15. JAST widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

16. Following JAST's display and distribution of the Subject Design, JAST is informed and believes and thereon alleges that, without JAST's authorization, Defendants created, offered for sale, sold, manufactured, caused to be manufactured, imported, distributed, displayed, reproduced, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from JAST (the "Infringing Garments").

17. Representative examples comparing the Subject Design and Infringing Garments are below:

| Subject Design | Ashley Stewart Inc. |
|---|---|
| <u>59218</u><br> |  |
| Subject Design Detail | Detail |
|  |  |

| Subject Design 59218 | Jaryam |
|---|---|
| |  |
| Subject Design Detail | Detail |
|  |   |

| Subject Design | Bicoastal Alliance, LLC d/b/a ModCloth |
|---|---|
| 59218  |  |
| Subject Design Detail | Detail |
|  |  |

| Subject Design | ZG Apparel Group LLC d/b/a Signature by Robbie Bee |
|---|---|
| 59218  |  |
| Subject Design Detail | Detail |
|  |   |

18. The above comparisons make apparent that significant portions of the Subject Design, including the composition, arrangement, layout of floral elements, and overall appearance of the design, including type of flowers and number of petals and leaves, is substantially similar to the design on the garments at issue.

19. JAST discovered the Infringing Garments in 2025, and had no reason to know of them prior to its discoveries.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

20. JAST repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. JAST is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) JAST's showroom and/or design library; (b) unlawfully distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) JAST's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

22. JAST is informed and believes and thereon alleges that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendant(s) supplied garments, including the Infringing Garments, to said Defendant retailers; and that said Defendant retailers used the Infringing Garments as alleged above.

23. Due to Defendants' acts of copyright infringement, JAST has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their

infringement of JAST's copyright in the Subject Design. JAST is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of JAST's copyrights in the Subject Design in an amount to be established at trial.

25. JAST is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, JAST will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

26. JAST repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. JAST is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, distribution, and/or subsequent sales of garments featuring the Subject Design as alleged herein.

28. JAST is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged hereinabove, JAST has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, JAST is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of JAST's rights in the Subject Design, in an amount to be established at trial.

31. JAST is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, JAST will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, JAST prays for judgment as follows:

### Against All Defendants

### With Respect to Each Claim for Relief

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes JAST's copyrights in Subject Design, including the Infringing Garments;

b. That JAST be awarded all profits of Defendants plus all losses of JAST attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That JAST be awarded its attorneys' fees under 17. U.S.C. § 505;

d. That JAST be awarded pre-judgment interest as allowed by law;

e.  That JAST be awarded the costs of this action; and

f.  That JAST be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMANDED

JAST demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 29, 2025   By:   */s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
Nelson A. Campbell, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*